**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **GINGER BRIGHT COREY and** | § | |
| **HOUSTON BRIGHT,** | § | |
| **Plaintiffs,** | § | |
| **Counter-Defendants, and** | § | |
| **Third Party Defendants,** | § | |
| | § | |
| **v.** | § | |
| **JOHN COOPER,** | § | |
| **Defendant,** | § | |
| **Counter-Plaintiff,** | § | |
| **Third Party Plaintiff, and** | § | |
| **Cross-Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| **JOE DON GEORGE, in His Capacity** | § | **CIVIL ACTION NO. 7:10:CV134:RAJ** |
| **as substitute Executor of the ESTATE** | § | |
| **OF LONNIE RAY COOPER,** | § | |
| **Defendant,** | § | |
| | § | |
| **v.** | § | |
| **BP AMERICA, INC.** | § | |
| **Defendant, and** | § | |
| **Cross-Defendant,** | § | |
| | § | |
| **v.** | § | |
| **CARRIE BOE,** | § | |
| **Third Party Plaintiff, and** | § | |
| **Cross-Plaintiff** | § | |
| | § | |
| **v.** | § | |
| **THE VETHAN LAW FIRM, P.C.,** | § | |
| **and LEE KELLER KING** | § | |
| **Third Party Defendants.** | § | |

**JOHN COOPER'S AND CARRIE BOE'S SECOND AMENDED COUNTER-CLAIM
AGAINST GINGER BRIGHT COREY AND HOUSTON BRIGHT, FIRST AMENDED
THIRD PARTY COMPLAINT AGAINST THE VETHAN LAW FIRM, P.C., AND LEE
KELLER KING, AND ORIGINAL CROSS-CLAIM AGAINST BP AMERICA, INC.
AND REQUEST FOR DECLARATORY RELIEF**

1

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendant/Counter-Plaintiff/Third Party Plaintiff/Cross-Plaintiff John Cooper and Third Party Plaintiff/Cross-Plaintiff Carrie Boe (collectively referred to herein as "Beneficiaries") and file this Second Amended Counter-Claim against Ginger Bright Corey and Houston Bright, First Amended Third Party Complaint against The Vethan Law Firm, P.C., and Lee Keller King, and Original Cross-Claim against BP America, Inc., and Request for Declaratory Relief, and in support thereof, shows the Court as follows:

## I.

## <u>SUMMARY OF CLAIMS AND RELIEF REQUESTED</u>

1.01    Beneficiaries are the surviving beneficiaries of certain insurance policies and retirement plans which are governed by ERISA.  These insurance policies and retirement plans were created and funded in connection with their deceased father's employment.  Pursuant to ERISA, specifically 29 U.S.C. §1132(a)(1)(B), and the Federal Declaratory Judgment Act, Beneficiaries bring this civil action to recover benefits due to them under the terms of the plans/policies; to enforce their respective rights under the terms of the plans/policies, and to clarify their respective rights to future benefits under the terms of the plans/policies.  In short, Beneficiaries seek "all ERISA-governed benefits and insurance coverages" to which they are entitled to arising from and in connection with their father's past employment, including, but not limited to, the benefits arising from the MetLife Insurance Policies currently in the registry of this Court, and the benefits arising from the BP Retirement Plans held by BP.

1.02    Beneficiaries seek to recover monetary damages against Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright as a result of their interference with

the distribution of benefits arising from the insurance policies and retirement benefits as detailed herein below.

1.03   John Cooper seeks to recovery monetary damages against Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright as a result of their accusations that he was responsible, contributed to, and caused the deaths of Lonnie Ray Cooper and Cindy Cooper which have been communicated to third parties as detailed herein below.

## II.

## **THE PARTIES**

2.01   Plaintiff/Counter-Defendant/Third Party Defendant Ginger Bright Corey, a citizen of the State of Texas, is already a party to this suit and may be served through her attorney of record.

2.02   Plaintiff/Counter-Defendant/Third Party Defendant Houston Bright, a citizen of the State of Colorado, is already a party to this suit and may be served through his attorney of record.

2.03   Defendant/Counter-Plaintiff/Third Party Plaintiff/Cross-Plaintiff John Cooper, a citizen of the State of Texas, is already a party to this lawsuit.

2.04   Third Party Plaintiff/Cross-Plaintiff Carrie Boe, a citizen of the State of Illinois, is already a party to this lawsuit.

2.05   Third Party Defendant, The Vethan Law Firm, P.C., a professional corporation organized under the laws of the State of Texas, is already a party to this suit and may be served through its attorney of record.

2.06   Third Party Defendant, Lee Keller King, a citizen of the State of Texas, is already a party to this lawsuit and may be served through his attorney of record.

2.07     Defendant/Cross-Defendant BP America, Inc., a foreign corporation authorized to do business in the State of Texas, is already a party to this lawsuit and may be served through its attorney of record.

### III.

### JURISDICTION AND VENUE

3.01     This Honorable Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331, 29 U.S.C. 1132(a), and 29 U.S.C. §1132(e) over this litigation to the extent that the claims herein arise under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), because this is a civil action brought by beneficiaries to recover benefits due to them under the terms of ERISA plans and policies, to enforce their rights under the terms of ERISA plans and policies, and to clarify rights to future benefits under ERISA plans and policies.  29 U.S.C. §1001, *et seq,* 29 U.S.C. §1132(a)(1)(B); 29 U.S.C. §1132(e)(1); 29 U.S.C. §1132(f).

3.02     This Honorable Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the remaining claims to the extent they are so related to the claims within this Court's original subject matter jurisdiction that they form part of the same case and/or controversy under Article 3 of the United States Constitution.  This is not a probate matter.

3.03     Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred in this district and a named defendant in this lawsuit resides in this district.

## IV.

## FACTS

### A.    Background Information

4.01    Lonnie Ray Cooper, deceased, is the biological father of John Cooper and Carrie Boe.

4.02    Lonnie Ray Cooper is neither the biological nor the adopted father of Ginger Bright Corey or Houston Bright.

4.03    Lonnie Ray Cooper and Cindy Cooper both died on November 5, 2005.

4.04    Cindy Cooper predeceased Lonnie Ray Cooper.

4.05    No act or omission of John Cooper contributed to or caused the death of Lonnie Ray Cooper.

4.06    No act or omission of Carrie Boe contributed to or caused the death of Lonnie Ray Cooper.

4.07    No act or omission of John Cooper contributed to or caused the death of Cindy Cooper.

4.08    No act or omission of Carrie Boe contributed to or caused the death of Cindy Cooper.

4.09    Ginger Bright Corey and Houston Bright have not asserted nor claimed that any acts or omissions of Carrie Boe contributed to or caused the deaths of Lonnie Ray Cooper and/or Cindy Cooper.

4.10    John Cooper was not a suspect, has not been arrested, and has not been convicted of any crime in connection with the deaths of Lonnie Ray Cooper and/or Cindy Cooper.

4.11    Carrie Boe was not a suspect, has not been arrested, and has not been convicted of any crime in connection with the deaths of Lonnie Ray Cooper and/or Cindy Cooper.

MID: 012469\000001\863743.1

4.12    Houston Bright testified during his deposition that he did not believe John Cooper was responsible for the death of Cindy Cooper or that John Cooper and Lonnie Ray Cooper participated in any conspiracy.

4.13    Houston Bright further testified at his deposition that he has no evidence to support his claims against John Cooper.

**B.      Metropolitan Life Insurance Policies of Lonnie Ray Cooper**

4.14     Lonnie Ray Cooper was a participant in the BP Consolidated Welfare Benefit Plan (the "BP Insurance Plan"), an ERISA-regulated employee welfare benefit plan sponsored by BP and funded by Metropolitan Life Insurance Company ("MetLife").

4.15    Lonnie Ray Cooper was the sole participant in the BP Insurance Plan amongst the parties involved in this litigation.

4.16    The three (3) Insurance Policies under the BP Insurance Plan, as described in detail herein below, shall be collectively referred to as the "MetLife Insurance Policies."

         **1.       Lonnie Ray Cooper's Basic Life Policy**

4.17    Under the BP Insurance Plan, Lonnie Ray Cooper owned a Basic Life Insurance Policy ("Basic Life Policy").

4.18    The Basic Life Policy insured the life of Lonnie Ray Cooper.

4.19    The current beneficiary designation form on file for the Basic Life Policy designates Cindy Cooper, deceased, as the primary beneficiary.

4.20    The current beneficiary designation form on file for the Basic Life Policy designates John Cooper and Carrie Boe as the contingent beneficiaries, each entitled to 50% of the benefits.

4.21    Ginger Bright Corey is not a participant and has never been designated a beneficiary with respect to the Basic Life Policy.

MID: 012469\000001\863743.1

SECOND AMENDED COUNTER-CLAIM, FIRST AMENDED
THIRD PARTY PETITION, ORIGINAL CROSS-CLAIM,
AND REQUEST FOR DECLARATORY RELIEF

4.22    Houston Bright is not a participant and has never been designated a beneficiary with respect to the Basic Life Policy.

4.23    Ginger Bright Corey testified at her deposition that she has no evidence that any beneficiary designation with respect to the MetLife Insurance Policies was improper or illegal.

4.24    The benefits of the Basic Life Policy equal $69,000.00.

### 2.    Lonnie Ray Cooper's GUL Policy

4.25    Under the BP Insurance Plan, Lonnie Ray Cooper also owned a Group Universal Life Policy ("GUL Policy").

4.26    The GUL Policy insured the life of Lonnie Ray Cooper.

4.27    The current beneficiary designation form on file for the GUL Policy names John Cooper and Carrie Boe as the primary beneficiaries of the GUL Policy.

4.28    The current beneficiary designation states that John Cooper is entitled to 60% of the benefits arising from the GUL Policy and Carrie Boe is entitled to 40% of the benefits arising from the GUL Policy.

4.29    The current beneficiary designation form on file for the GUL Policy named Cindy Cooper, deceased, as the contingent beneficiary of the GUL Policy.

4.30    Ginger Bright Corey is not a participant and has never been designated a beneficiary with respect to the GUL Policy.

4.31    Houston Bright is not a participant and has never been designated a beneficiary with respect to the GUL Policy.

4.32    Ginger Bright Corey testified at her deposition that she has no evidence that any beneficiary designation with respect to the MetLife Insurance Policies was improper or illegal.

4.33    The benefits of the GUL Policy equal $207,000.00.

MID: 012469\000001\863743.1

SECOND AMENDED COUNTER-CLAIM, FIRST AMENDED
THIRD PARTY PETITION, ORIGINAL CROSS-CLAIM,
AND REQUEST FOR DECLARATORY RELIEF

### 3.     Lonnie Ray Cooper's GUL Spouse Rider

4.34    In connection with the Group Universal Life Policy, Lonnie Ray Cooper owned a Dependant Term Insurance Rider ("GUL Spouse Rider").

4.35    The GUL Spouse Rider insured the life of Cindy Cooper.

4.36    The current beneficiary designation form on file for the GUL Spouse Rider names Lonnie Ray Cooper, deceased, as the primary beneficiary.

4.37    The current beneficiary designation form on file for the GUL Spouse Rider names John Cooper and Carrie Boe as contingent beneficiaries.

4.38    The current beneficiary designation form on file for the GUL Spouse Rider states that John Cooper would be entitled to 60% of the benefits and that Carrie Boe would be entitled to 40% of the benefits.

4.39    Ginger Bright Corey is not a participant and has never been designated a beneficiary in connection with the GUL Spouse Rider.

4.40    Houston Bright is not a participant and has never been designated a beneficiary in onnection with the GUL Spouse Rider.

4.41    Ginger Bright Corey testified at her deposition that she has no evidence that any beneficiary designation with respect to the MetLife Insurance Policies was improper or illegal.

4.42    The GUL Spouse Rider benefits equal $137,927.11.

### 5.     MetLife has deposited the proceeds from the BP Insurance Plan into this Court's Registry.

4.43    On August 6, 2010, MetLife filed its Motion to Deposit Plan Benefits into the Registry of the Court, for Attorneys' Fees, and for Discharge.

**SECOND AMENDED COUNTER-CLAIM, FIRST AMENDED THIRD PARTY PETITION, ORIGINAL CROSS-CLAIM, AND REQUEST FOR DECLARATORY RELIEF**

4.44    This Court granted the Motion and entered Orders which found that (1) the MetLife Insurance Policies were regulated by ERISA; and (2) ordered that MetLife deposit $413,927.11 into the Court's registry.

4.45    This Court further awarded MetLife's its attorneys' fees incurred in connection with its Counter-Claim in Interpleader and ordered same to be paid out of the benefits arising out of the MetLife Insurance Policies.

4.46    MetLife had a valid contractual obligation to distribute the proceeds and benefits of the MetLife Insurance Policies in accordance with ERISA, and the documents and instruments governing the MetLife Insurance Policies, to John Cooper and Carrie Boe as the sole surviving and qualified beneficiaries.

4.47    John Cooper and Carrie Boe have completed a Statement of Claim for Benefits of the Basic Life Policy, the GUL Policy, and the GUL Spouse Rider.

4.48    All conditions precedent to the distribution of the benefits arising from the Basic Life Policy, the GUL Policy, and the GUL Spouse Rider have been satisfied by John Cooper and Carrie Boe.

4.49    Carrie Boe has no intent or desire to contest John Cooper's right to his interests in the MetLife Insurance Plans.

4.50    Carrie Boe has previously requested that MetLife distribute the benefits under the MetLife Insurance Policies be distributed to John Cooper and herself consistent with Lonnie Cooper's beneficiary designations.

4.51    MetLife interpleaded the funds related to the Basic Life Policy, the GUL Policy, and the GUL Spouse Rider, less its awarded attorneys' fees and expenses, and has been discharged.  The interplead funds remain in the registry of this Court.

## C.   **BP RETIRMENT PLANS**

4.52   Lonnie Ray Cooper, as an employee of BP, was a participant in the BP Retirement Accumulation Plan ("BP RAP"), the BP Employee Savings Plan ("BP ESP"), the BP Capital Accumulation Plan ("BP CAP"), all of which are ERISA regulated employee benefit plans (collectively the "BP Retirement Plans").

4.53   Lonnie Ray Cooper was the sole participant in the BP Retirement Plans amongst the parties involved in this litigation.

4.54   Upon information and belief, the total value of the benefits of the BP Retirement Plans equals approximately $387,001.00.

4.55   BP must administer claims to the BP Retirement Plans in accordance with ERISA and the documents and instruments governing the BP Retirement Plans.

4.56   Carrie Boe has no intent or desire to contest John Cooper's right to his interests in the BP Retirement Plans.

4.57   Carrie Boe has previously requested that BP distribute the benefits arising from the BP Retirement Plans to John Cooper and herself in equal shares, consistent with Lonnie Cooper's beneficiary designations.

4.58   Lonnie Ray Cooper designated Cindy Cooper, deceased, as the primary beneficiary under the BP Retirement Plans.

4.59   Lonnie Ray Cooper designated his natural children, John Cooper and Carrie Boe, as contingent beneficiaries to the benefits arising from the BP Retirement Plans.

4.60   Lonnie Ray Cooper allocated to John Cooper 50% of the benefits and to Carrie Boe the other  50% of the benefits in the BP Retirement Plans.

4.61    John Cooper and Carrie Boe are proper and legal beneficiaries under the BP Retirement Plans.

4.62    Ginger Bright Corey is not a participant and has never been designated a beneficiary to the BP Retirement Plans.

4.63    Houston Bright is not a participant and has never been designated a beneficiary to the BP Retirement Plans.

4.64    BP has a contractual obligation to distribute the proceeds and benefits of the BP Retirement Plans pursuant to ERISA and the documents and instruments governing the BP Retirement Plans.

4.65    All conditions precedent to the proper distribution of the BP Retirement Plans' benefits to John Cooper and Carrie Boe have been satisfied.

4.66    BP has no evidence that the current beneficiary designations on file identifying John Cooper and Carrie Boe as contingent beneficiaries with respect to the BP Retirement Plans are illegal or otherwise improper.

4.67    Despite multiple requests by BP to do so, Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright have failed to provide any evidence substantiating their demand that BP withhold distribution of the proceeds from the BP Retirement Plans to John Cooper and Carrie Boe.

4.68    Prior to the threats of Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright, BP recognized John Cooper and Carrie Boe as the proper beneficiaries, and was prepared to and furthermore, agreed to pay John Cooper and Carrie Boe the benefits from the BP Retirement Plans.

**SECOND AMENDED COUNTER-CLAIM, FIRST AMENDED THIRD PARTY PETITION, ORIGINAL CROSS-CLAIM, AND REQUEST FOR DECLARATORY RELIEF**

**D.**   **Improper Actions of Lee Keller King of The Vethan Law Firm, P.C., while acting as agent for Ginger Bright Corey and Houston Bright.**

      **1.**   **Interference with MetLife Insurance Policies**

4.69   By letter dated November 11, 2009, Lee Keller King of the Vethan Law Firm, acting as agent of Ginger Bright Corey and Houston Bright, contacted MetLife.

4.70   This letter improperly interfered with the contractual rights of John Cooper and Carrie Boe.

4.71   The November 11, 2009 letter demands that Metlife refuse to pay John Cooper or Carrie Boe any proceeds of the MetLife Insurance Policies.

4.72   On April 26, 2010, approximately five (5) months following the November 11, 2009 letter, Lee Keller King of The Vethan Law Firm, while acting as agent for Ginger Bright Corey and Houston Bright, continued to obstruct and interfere with the timely payment of the proceeds from the MetLife Insurance Policies to John Cooper and Carrie Boe by filing a Second Amended Petition seeking the proceeds to be placed in a constructive trust.

4.73   Lee Keller King of The Vethan Law Firm, on behalf of Ginger Bright Corey and Houston Bright, spoke with Sherry Robinson, an agent of MetLife, on April 20, 2010.

4.74   During this April 20, 2010 phone call, Lee Keller King told Sherry Robinson that John Cooper was involved in the deaths of Lonnie Cooper and/or Cindy Cooper.

4.75   Upon information and belief, further communications occurred between Lee Keller King of The Vethan Law Firm, P.C., in which he told MetLife that John Cooper was a cause of the deaths of Lonnie Cooper and/or Cindy Cooper.

4.76   On August 3, 2010, Lee Keller King of The Vethan Law Firm, P.C., on behalf of Ginger Bright Corey and Houston Bright, sent a letter to counsel for MetLife.

4.77    In this August 3, 2010 letter, Lee Keller King states that his clients do not intend to make any claims against Carrie Boe.

4.78    This August 3, 2010 further states that Ginger Bright Corey and Houston Bright have no objections to an immediate distribution of Ms. Boe's portion of the MetLife Insurance Policies.

4.79    Despite the admissions made by Houston Bright and Ginger Bright Corey during their respective depositions, Houston Bright and Ginger Bright Corey and their attorneys' insist on continuing to interfere with the contractual rights of John Cooper and Carrie Boe in connection with their recovery of the amounts due to them under the MetLife Insurance Policies.

**2.      Interference with BP Retirement Plans**

4.80    Lee Keller King of The Vethan Law Firm, P.C., on sent a letter to BP dated January 26, 2010.

4.81    A copy of an Original Petition filed in this litigation was referred to and attached to the January 26, 2010 letter.

4.82    The Original Petition states that John Cooper was involved in and caused the death of Lonnie Cooper and/or Cindy Cooper.

4.83    Upon information and belief, further false and defamatory communications were made by Lee Keller King of The Vethan Law Firm, P.C., to BP which accused John Cooper as causing the deaths of Lonnie Cooper and/or Cindy Cooper.

4.84    Despite the admissions made by Houston Bright and Ginger Bright Corey during their respective depositions, Houston Bright and Ginger Bright Corey and their attorneys' continue to interfere with the contractual rights of John Cooper and Carrie Boe in connection with the BP Retirement Plans.

# V.

## CAUSES OF ACTION

**A.    DECLARATORY JUDGMENT**

**1.    Declaration of Beneficiaries of the MetLife Insurance Policies**

5.01    John Cooper and Carrie Boe incorporate by reference herein, as if fully set forth at length, Paragraphs 1.01 through 4.84

5.02    A dispute has arisen between John Cooper, Carrie Boe, Ginger Bright Corey, Houston Bright as to the proper beneficiaries entitled to the benefits under the MetLife Insurance Policies described herein above.

5.03    The benefits under the MetLife Insurance Policies have previously been deposited into the registry of this Court by MetLife.

5.04    The MetLife Insurance Policies, benefits, and the funds in this Court's registry are governed by ERISA.

5.05    Therefore, pursuant to 28 U.S.C. §2201 and 29 U.S.C §1132(a)(1)(B), John Cooper and Carrie Boe, as beneficiaries, bring this civil action seeking to recover the benefits of the MetLife Insurance Policies, to enforce their rights under the MetLife Insurance Policies, and to seek a declaration clarifying their rights to any future benefits arising from the MetLife Insurance Policies.

5.06    John Cooper and Carrie Boe hereby specifically seek a declaration that they are the proper and sole beneficiaries under the MetLife Insurance Policies, and are entitled to immediate distribution of all benefits under the MetLife Insurance Policies in accordance with the documented distributions under said Policies.

SECOND AMENDED COUNTER-CLAIM, FIRST AMENDED
THIRD PARTY PETITION, ORIGINAL CROSS-CLAIM,
AND REQUEST FOR DECLARATORY RELIEF

5.07    John Cooper and Carrie Boe seek further declaration that Ginger Bright Corey and Houston Bright are not entitled to recovery of any benefits arising from the MetLife Insurance Policies, have no rights in the MetLife Insurance Policies, and have no right to any future benefits arising from the MetLife Insurance Policies.

### 2.    Declaration of Beneficiaries of the BP Retirement Plans

5.08    John Cooper and Carrie Boe incorporate by reference herein, as if fully set forth at length, Paragraphs 1.01 through 5.07.

5.09    A dispute has arisen between John Cooper, Carrie Boe, Ginger Bright Corey, Houston Bright, and BP as to the proper beneficiaries entitled to the benefits under the BP Retirement Plans described herein above.

5.10    BP has already advised John Cooper and Carrie Boe that they are legally entitled to the benefits of the BP Retirement Plans.

5.11    BP was ready, willing, and able to distribute the benefits of the BP Retirement Plans to John Cooper and Carrie Boe.

5.12    BP has further advised John Cooper and Carrie Boe that such benefits have not been distributed to them because of the interference and threats of Lee Keller King of The Vethan Law Firm, P.C.

5.13    The BP Retirement Plans and benefits are governed by ERISA.

5.14    Therefore, pursuant to 28 U.S.C. §2201 and 29 U.S.C §1132(a)(1)(B), John Cooper and Carrie Boe, as beneficiaries, assert this civil action to recover the benefits of the BP Retirement Plans due to them, to enforce their rights under the BP Retirement Plans, and to seek a declaration clarifying their rights to any future benefits arising from the BP Retirement Plans.

MID: 012469\000001\863743.1

5.15     John Cooper and Carrie Boe hereby specifically seek a declaration that they are the proper and sole beneficiaries under the BP Retirement Plans, and are entitled to immediate distribution of all benefits under the BP Retirement Plans.

5.16     John Cooper and Carrie Boe seek further declaration that Ginger Bright Corey and Houston Bright are not entitled to recovery of any benefits arising from the BP Retirement Plans, have no rights in the BP Retirement Plans, and no right to any future benefits arising from the BP Retirement Plans.

5.17     John Cooper and Carrie Boe seek the recovery of their reasonable and necessary attorneys' fees and costs pursuant to the Federal Declaratory Judgment Act.

**B.     TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

5.18     John Cooper and Carrie Boe incorporate by reference herein, as if fully set forth at length, Paragraphs 1.01 through 5.17.

5.19     John Cooper and Carrie Boe are designated as beneficiaries with respect to the MetLife Insurance Policies and the BP Retirement Plans.

5.20     MetLife had and has a contractual obligation to distribute the benefits of the MetLife Insurance Policies to John Cooper and Carrie Boe.

5.21     BP had and has a contractual obligation to distribute the benefits of the BP Retirement Plans to John Cooper and Carrie Boe.

5.22     Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright knew or had reason to know of John Cooper and Carrie Boe's contractual relationships with MetLife and BP, and their respective interests in same.

5.23    The actions and communications referenced herein above by Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright, constitute willful and intentional acts of interference with the MetLife Insurance Policies and the BP Retirement Plans.

5.24    This wanton and malicious interference proximately caused actual injury and/or loss to John Cooper and Carrie Boe.

5.25    The fact that Lee Keller King is an attorney does not grant him license to go about in the community and make false and slanderous charges against his court adversaries in an attempt to interfere with their contractual relationships and escape liability.  Lee Keller King's assertions and communications were made for the sole purpose to exploit the privilege typically enjoyed by attorneys for ulterior, malicious motives.

5.26    John Cooper and Carrie Boe hereby seek their actual damages.

5.27    Because the injuries to John Cooper and Carrie Boe resulted from the malice and reckless conduct of Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright, John Cooper and Carrie Boe are entitled to and hereby seek exemplary damages as a result of the tortious conduct of these individuals and this entity.

## C.    DEFAMATION

5.28    John Cooper incorporates by reference herein, as if fully set forth at length, Paragraphs 1.01 through 5.27.

5.29    Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright, published statements by oral communications and/or written communications to third parties, including, but not limited to agents and representatives of MetLife and BP, asserting as a fact that John Cooper was involved in and a cause of the deaths of Lonnie Ray Cooper and Cindy Cooper.

**SECOND AMENDED COUNTER-CLAIM, FIRST AMENDED THIRD PARTY PETITION, ORIGINAL CROSS-CLAIM, AND REQUEST FOR DECLARATORY RELIEF**

5.30    These communications referred to John Cooper by name.

5.31    The actions and communications referenced herein above by Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright, were made purposefully, and without any knowledge as to their truth and/or veracity.

5.32    The actions and communications referenced herein were solely done to interfere and attempt to defame John Cooper, and place John Cooper in a negative light by associating him as the cause of the death of his own father and stepmother.

5.33    These communications constitute libel and/or slander *per se* as defined by Texas Civil Practice & Remedies Code §73.001 because they injured John Cooper's reputation, exposed John Cooper to public hatred, contempt, ridicule, financial injury, and impeached his honesty, integrity, virtue, and reputation.

5.34    These communications constitute libel and/or slander *per se* under the common law of Texas as they falsely charge John Cooper with a crime.

5.35    These communications are false.

5.36    These communications were intentionally made by Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright, and published to third parties.

5.37    These communications were made without performing a proper and appropriate investigation as to their truth and veracity.

5.38    Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright were each negligent in determining whether the statements contained in the communications to MetLife and/or BP were based in law or fact.

5.39    Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright knew these communications were false and/or acted with reckless disregard for the truth.

5.40    Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright are each strictly liable to John Cooper for defamation.

5.41    The fact that Lee Keller King is an attorney does not grant him license to go about in the community and make false and slanderous charges against his court adversaries and escape liability.  Lee Keller King's assertions and communications were made for the sole purpose to exploit the privilege typically enjoyed by attorneys for ulterior, malicious motives.

5.42    Because the subject communications were defamatory *per se,* John Cooper seeks recovery of actual damages.

5.43    Because the subject communications were published by Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright with actual malice, John Cooper seeks recovery of exemplary damages as provided by law.

## VI.

### Damages

6.01    As a direct and proximate cause of the tortious conduct of Lee Keller King, The Vethan Law Firm, P.C., Ginger Bright Corey, and Houston Bright, John Cooper and Carrie Boe have suffered damages as follows:

    a.      Actual damages;

    b.      Mental anguish in the past and future;

    c.      Loss of contractual benefits;

    d.      Injury to reputation.

6.02    John Cooper and Carrie Boe are further entitled to the recovery of exemplary damages, and seek the recovery of same.

6.03    John Cooper and Carrie Boe seek the recovery of their attorneys' fees incurred in connection with the prosecution of this action as allowed by law.

## PRAYER

For these reasons, John Cooper and Carrie Boe ask that this Honorable Court enter judgment against Ginger Bright Corey, Houston Bright, Lee Keller King, and The Vethan Law Firm, P.C., and award John Cooper and Carrie Boe the following:

a.      Actual Damages;

b.      Exemplary Damages;

c.      Prejudgment and post-judgment interest as allowed by law;

d.      Court costs, which includes, but is not limited to, an amount reimbursing John Cooper and Carrie Boe for the attorneys' fees previously awarded to MetLife in this matter;

e.      A declaration and order that John Cooper and Carrie Boe are (1) the proper beneficiaries to the MetLife Insurance Policies; (2) entitled to an immediate distribution of all benefits under the MetLife Insurance Policies which are currently in this Court's registry, and (3) entitled all future benefits arising from the MetLife Insurance Policies;

f.      A declaration and order that Ginger Bright Corey and Houston Bright (1) are not entitled to recover any benefits under the MetLife Insurance Policies, (2) have no rights in the MetLife Insurance Policies, and (3) are not entitled to any future benefits arising from the MetLife Insurance Policies;

g.      A declaration and order that John Cooper and Carrie Boe are (1) the proper beneficiaries to the BP Retirement Plans; (2) entitled to an immediate distribution of all benefits under the BP Retirement Plans, and (3) entitled to all future benefits arising from the BP Retirement Plans;

h.      A declaration and order that Ginger Bright Corey and Houston Bright (1) are not entitled to recover any benefits under the BP Retirement Plans, (2) have no rights in the BP Retirement Plans, and (3) are not entitled to any future benefits arising from the BP Retirement Plans, if any;

i.      Attorneys' fees and costs as allowed by law; and

**SECOND AMENDED COUNTER-CLAIM, FIRST AMENDED THIRD PARTY PETITION, ORIGINAL CROSS-CLAIM, AND REQUEST FOR DECLARATORY RELIEF**

j.      Any and all other relief to which John Cooper and Carrie Boe may show themselves entitled, at law and/or in equity, both general and specific.

Respectfully Submitted,

_____/s/_____
Terry W. Rhoads
(SBN: 16811750), Lead Attorney
and
Nate S. Brignon
State Bar No. 24055214

Of:

Cotton, Bledsoe, Tighe & Dawson, P.C.
P.O. Box 2276
Midland, Texas 79702
432-684-5782
432-682-3672 (fax)

ATTORNEYS FOR JOHN COOPER AND
CARRIE BOE

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of November, 2010, a copy of the above and foregoing instrument was forwarded by ECF notification, certified mail return receipt requested, and/or facsimile:

Charles Vethan
Lee Keller King
THE VETHAN LAW FIRM, P. C.
2909 Baldwin
Houston, Texas 77006

A. M. Nunley III
3300 North "A" Street, Ste. 8-125
Midland, Texas 79705

Jimmy Peacock
3800 E. 42nd Street, Suite 500
Odessa, Texas  79762

Denis Dennis
RUSH, KELLY, MORGAN, DENNIS, CORZINE & HANSEN,  P.C.
4001 East 42nd Street, Suite 200
Odessa, Texas 79762

Monica Oathout
Mike Jones
Schwartz, Junell, Greenberg, & Oathout, LLP
909 Fannin Street, Suite 2700
Houston, Texas 77010


_____/s/_____
Terry Rhoads

MID: 012469\000001\863743.1                                SECOND AMENDED COUNTER-CLAIM, FIRST AMENDED
                                                           THIRD PARTY PETITION, ORIGINAL CROSS-CLAIM,
                                                           AND REQUEST FOR DECLARATORY RELIEF